945 F.2d 407
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Anthony HUDGINS, Plaintiff-Appellee,
v.
Tammy SCHWANINGER-BOOSE and Clay County, Illinois,
Defendants-Appellants.
 No. 91-1170.
 United States Court of Appeals, Seventh Circuit.
 Argued Sept. 4, 1991.
Decided Oct. 3, 1991.
Rehearing Denied Nov. 7, 1991.
 
 1
 Before COFFEY and EASTERBROOK, Circuit Judges, and MORAN, District Judge*.
 
 Order
 
 2
 Deputy sheriff Brent Schwaninger shot Anthony Hudgins as officers tried to arrest him. The question for the jury in this action under 42 U.S.C. § 1983 was whether the shooting was intentional, as Hudgins claimed, or accidental, as the administrator of Schwaninger's estate asserted. (Schwaninger died after the events in question.) The jury found the shooting deliberate and set damages at $100,000, assessing them against both the estate and Clay County, Illinois, Schwaninger's employer.
 
 
 3
 The county was dismissed as a defendant under § 1983 because the shooting could not be attributed to any county policy. Nonetheless, the district court refused to dismiss the county as a defendant on state-law claims, invoking pendent party jurisdiction. This was error. Aldinger v. Howard, 427 U.S. 1 (1976), holds that pendent party jurisdiction does not authorize retaining a unit of government as a defendant in a § 1983 case. See also Finley v. United States, 490 U.S. 545 (1989). The district court did not cite Aldinger, and Hudgins does not try to distinguish it. New legislation authorizing supplemental jurisdiction over parties, 28 U.S.C. § 1367(a), is effective only for cases filed on or after December 1, 1990. Pub.L. 101-650 § 310(c). This suit was filed in 1988, so the judgment against Clay County must be vacated for want of jurisdiction.
 
 
 4
 If the shooting was deliberate then Schwaninger violated not only the fourth amendment, Tennessee v. Garner, 471 U.S. 1 (1985), but also state law, Ill.Rev.Stat. ch. 38 pp 7-5(a), 7-8(a)(1). The evidence suffices to allow the jury to infer that the shooting was deliberate. Schwaninger's theory is that his weapon discharged when a door opened and hit his hand; this impact, plus his surprise at Hudgins' emergence from the trailer, caused him to pull the trigger by reflex. An expert testified that Schwaninger's uncocked weapon could not have discharged under the circumstances thus narrated. Moreover, evidence from blood stains suggested that the bullet did not hit Hudgins until he had left the porch and was at least six feet away from Schwaninger. The jury did not have to believe this evidence; other inferences were possible; but the competing inferences were not obligatory.
 
 
 5
 The district court did not err in dealing with evidentiary questions. The only substantial challenge is to an expert's recitation of state law on police officers' use of deadly force. A court should not let a witness give an "expert" view on contested legal issues. The judge decides legal questions; as the jury will not be asked to decide whether the court is right, legal testimony cannot properly aid it. Fed.R.Evid. 702, 704. Sometimes, however, an expert's opinion on factual or inferential questions (such as the reasonableness of the application of deadly force) depends on assumptions about the applicable substantive rules. The expert may tell the jury what rules he assumes apply. Here the expert's assumption about the state's rules for the use of deadly force was right (defendants do not contest the expert's recitation, founded on Ill.Rev.Stat. ch. 38 pp 7-5(a), 7-8(a)(1)), so we need not decide how a district court should respond to an effort to use this method to smuggle a contested legal theory before the jury.
 
 
 6
 One other evidentiary question arises collaterally. During trial a witness was asked whether any of the officers had shouted "police" before Hudgins emerged from the trailer. The court overruled defendants' objection. In closing argument, counsel for Hudgins implied that the officers' failure (if there was an omission) to shout "police" was a ground of liability. Defendants did not object to this argument or ask for a curative instruction. Their explanation on appeal that the failure of objection at trial presaged failure of a second objection rings hollow. The evidence was used for two purposes--one legitimate (to help the jury determine the timing of events) and one not. Counsel had to alert the district court and ask for aid; he did not, and it is now too late. Other evidentiary questions and claims of trial errors have been considered but do not require separate discussion.
 
 
 7
 Damages are the only remaining issue. The award of $100,000 was generous. Hudgins' medical expenses came to about $2,000, and he has not established any lost income or shortened life expectation. The theory of damages is that the fractured bones in his elbow cause him nagging pain and loss of sleep, and that there is a slight reduction in flexion reducing his ability to participate in sports and hobbies. Although this award produces six raised appellate eyebrows, the seventh amendment commits such questions to juries, and appellate review is exceedingly narrow. Galard v. Johnson, 504 F.2d 1198, 1202 (7th Cir.1974). A jury might find that the injury yields lasting (if modest) pain, which Hudgins would not willingly bear for a lesser sum. The award is then compensatory and within the jury's province.
 
 
 8
 The judgment against the estate of Brent Schwaninger is affirmed, and the judgment against the county is vacated for want of jurisdiction.
 
 
 
 *
 Chief Judge of the Northern District of Illinois, sitting by designation